IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-436-D-1
No. 5:21-CV-384-D

ALLEN WENDELL MCNEIL,                )
                                     )
                 Petitioner,         )
                                     )
v.                                   )          **ORDER**
                                     )
UNITED STATES OF AMERICA,            )
                                     )
                 Respondent.         )

On September 22, 2021, Allen Wendell McNeil ("McNeil") moved pro se under 28 U.S.C.

§ 2255 to vacate, set aside, or correct his 114-month sentence [D.E. 48]. On December 9, 2021, the

government moved to dismiss McNeil's motion [D.E. 55] and filed a memorandum in support [D.E.

56]. On January 3, 2022, McNeil responded in opposition [D.E. 58]. As explained below, the court

grants the government's motion to dismiss and dismisses McNeil's section 2255 motion.

I.

On September 20, 2018, the Fayetteville Police Department ("FPD") in Fayetteville, North

Carolina, conducted a knock and talk at McNeil's residence in Fayetteville. Presentence

Investigation Report ("PSR") [D.E. 25] ¶ 8. "The FPD received information from a reliable

informant that McNeil's residence was being used for drug trafficking activities." Id. The FPD

corroborated the information through surveillance of the residence. See id. Additionally, FPD

seized a small quantity of marijuana during a traffic stop of an individual, who purchased the

marijuana at McNeil's residence. See id.

Upon arriving, law enforcement knocked and spoke with McNeil, who was inside an outbuilding behind the residence. See id. ¶ 9. "The outbuilding was furnished as a studio-style apartment and was equipped with airconditioning and an elaborate array of security cameras." Id. "The FPD detected a strong odor of marijuana emanating from the outbuilding." Id. The FPD then obtained a search warrant for the outbuilding. A search of the outbuilding pursuant to the search warrant revealed 174 grams of marijuana, 1 gram of cocaine, $4,400 in U.S. currency, and various items of drug paraphernalia, including digital scales. See id. Law enforcement also seized two .40 caliber handguns and a 7.62 caliber rifle. Id. One of the handguns was reported stolen. Id.

In an unprotected statement, McNeil admitted to law enforcement that he sold marijuana to supplement his income and that he possessed one of the handguns for protection. See id. ¶ 10. "According to McNeil, he usually purchased between ¼ and ½ pound of marijuana for resale." Id.

On February 5, 2019, without a plea agreement and after a thorough Rule 11 colloquy, McNeil pleaded guilty to possession with intent to distribute a quantity of marijuana (count one), possession of firearms in furtherance of a drug trafficking crime (count two), and possession of firearms by a felon (count three). See [D.E. 21]; Rule 11 Tr. [D.E. 41]. On July 17, 2019, the court held McNeil's sentencing hearing and found McNeil's total offense level to be 23, his criminal history category to be II, and his advisory guideline range to be 51 to 63 months' imprisonment on counts one and three, and 60 months' consecutive imprisonment on count two. See [D.E. 32]; Sent. Tr. [D.E. 42] 4–5. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced McNeil to 54 months' imprisonment on counts one and three and 60 consecutive months' imprisonment on count two, for a total of 114 months' imprisonment. See [D.E. 32]; [D.E. 34]; Sent. Tr. at 17–21.

2

McNeil appealed. On November 10, 2020, the United States Court of Appeals for the Fourth Circuit affirmed McNeil's sentence. See United States v. McNeil, 828 F. App'x 918 (4th Cir. 2020) (per curiam) (unpublished).

## II.

In McNeil's section 2255 motion, McNeil challenges his guilty plea under Rehaif v. United States, 139 S. Ct. 2191 (2019), and also argues that his counsel was ineffective (1) by permitting McNeil to plead guilty without a plea agreement; (2) by failing to get the name of a person who the police spoke to during a traffic stop prior to the police knock and talk at McNeil's residence; and (3) by failing to file a motion to suppress the drugs and guns located in McNeil's outbuilding. See [D.E. 48] 1–7; [D.E. 48-1] 3–8.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may

3

consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11

F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See,

e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354,

359–60 (4th Cir. 2013).

## A.

McNeil procedurally defaulted any claims (including a Rehaif claim) that do not allege

ineffective assistance of counsel by failing to raise them on direct appeal. Thus, the general rule of

procedural default bars McNeil from presenting such claims under section 2255. See, e.g., Massaro

v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998);

United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139,

144 (4th Cir. 2001). Furthermore, McNeil has not plausibly alleged "actual innocence" or "cause

and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523

U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S.

152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d

at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, any such claims

fail.[1]

Alternatively, as for Rehaif, McNeil knew he was a felon when he pleaded guilty to count

three. See PSR ¶¶ 20–22. Thus, any such claim fails. See Greer v. United States, 141 S. Ct. 2090,

2096–2100 (2021).

---

[1] McNeil also alleges ineffective assistance of appellate counsel for failing to raise these
claims on appeal. See [D.E. 48-1] 3–7. Because McNeil's claims are meritless, appellate counsel
was not ineffective for failing to raise them. See Knowles v. Mirzayance, 556 U.S. 111, 124–27
(2009); United States v. Pressley, 990 F.3d 383, 388 (4th Cir. 2021).

4

# B.

As for McNeil's ineffective assistance of counsel claims, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–96 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing "that there is a reasonable probability that," but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart,

5

474 U.S. 52, 59 (1985); see Lee, 137 S. Ct. at 1965. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

McNeil alleges that trial counsel was ineffective by permitting McNeil to plead guilty without a plea agreement. See [D.E. 48] 4. McNeil's sworn statements during his Rule 11 proceeding contradict the claim that counsel was ineffective, and McNeil's sworn statements bind him. See Rule 11 Tr. at 11–12; see, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); Lemaster, 403 F.3d at 221–23. At his Rule 11 hearing, while under oath, McNeil affirmed he was fully satisfied with counsel's services. See Rule 11 Tr. at 11-12. McNeil affirmed that no one had threatened him or anyone else or forced him in any way to plead guilty. See id. at 18. McNeil had first-hand knowledge of his confession and the search of his outbuilding before he pleaded guilty. See id. at 11–12; Strickland, 466 U.S. at 691 ("Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant."). And counsel discussed McNeil's options with him before McNeil entered his guilty plea. See Rule 11 Tr. at 11–22. Moreover, at his Rule 11 hearing, McNeil affirmed that he was, in fact, guilty of counts one, two, and three. See id. at 20–22. Accordingly, McNeil's guilty plea was knowing and voluntary, and the court accepted McNeil's plea with a proper factual basis.

As for the absence of a plea offer, defense counsel did not have the power to force the government to make a plea offer to McNeil. See Weatherford v. Bursey, 429 U.S. 545, 560–61 (1977). McNeil's claim that counsel was ineffective by allowing him to plead guilty without a plea agreement fails. See id.; Webb v. United States, No. 5:07CV27, 2009 WL 1789108, at *2 (N.D. W. Va. June 22, 2009) (unpublished).

McNeil also contends that his counsel ineffectively failed to investigate and challenge numerous alleged problems with the knock and talk and search warrant that led to his arrest. See [D.E. 48] 5–7. Specifically, McNeil alleges that counsel was ineffective in failing to get the name of the person who the police spoke to during a traffic stop prior to the knock and talk and in failing to file a motion to suppress. See id.

Where an ineffectiveness claim is based on counsel's failure to file a motion to suppress, "[u]nder the deficient performance prong of Strickland, it is enough to call into question counsel's performance that an unfiled motion would have had 'some substance.'" Grueninger v. Dir., Virginia Dep't of Corr., 813 F.3d 517, 524–25 (4th Cir. 2016) (quotation omitted); see Tice v. Johnson, 647 F.3d 87, 104 (4th Cir. 2011). "And the prejudice prong in such cases has two distinct components, with the petitioner required to show both (1) that the motion was meritorious and likely would have been granted, and (2) a reasonable probability that granting the motion would have affected the outcome of his trial." Grueninger, 813 F.3d at 525; see Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Tice, 647 F.3d at 104. Here, the knock and talk complied with the Fourth Amendment. See United States v. Cephas, 254 F.3d 488, 493–94 (4th Cir. 2001); United States v. Taylor, 90 F.3d 903, 909 (4th Cir. 1999). Moreover, once the police did the knock and talk, police smelled marijuana in McNeil's outbuilding and obtained a search warrant. See PSR ¶¶ 8–10. When executing the search warrant, the police located the guns and drugs. See id. A defense motion to suppress would have been frivolous. Thus, counsel was not ineffective in failing to file one or in failing to get the person's name from the traffic stop. See Knowles, 556 U.S. at 124–27; Grueninger, 813 F.3d at 524–25; Pressley, 990 F.3d at 388; Tice, 647 F.3d at 104.[2]

_____

[2] Alternatively, McNeil's knowing and voluntary guilty plea "constitutes an admission of the material elements of the crime, and waives non-jurisdictional errors, including claims of unlawful

7

After reviewing the claims presented in McNeil's motion, the court finds that reasonable jurists would not find the court's treatment of McNeil's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 55], DISMISSES petitioner's section 2255 motion [D.E. 48], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This _27_ day of July, 2022.

JAMES C. DEVER III
United States District Judge

---

search and seizure based on the Fourth Amendment." United States v. Moxley, 3 F. App'x 95, 96 (4th Cir. 2001) (per curiam) (unpublished) (citation omitted); see Tollett v. Henderson, 411 U.S. 258, 267 (1973).

8